Filed 10/3/24  P. v. Vasquez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GLENN VASQUEZ,<br><br>    Defendant and Appellant. | E082499<br><br>(Super.Ct.No. FVA022463)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Kathryn Kirschbaum and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

Glenn Vasquez appeals from the trial court's denial of his petition to recall his 40-years-to-life sentence and resentence him under Penal Code section 1170, subdivision (d). (Unlabeled statutory citations refer to this code.) Under that provision, a juvenile offender who "was sentenced to imprisonment for life without the possibility of parole" and has been incarcerated for at least 15 years "may submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A).) The trial court denied Vasquez's petition, finding him ineligible for relief because he was not sentenced to a term of life without the possibility of parole (LWOP).

On appeal, Vasquez argues that the trial court erred by failing to follow *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*), which held that juvenile offenders sentenced to the "functional equivalent" of LWOP are entitled to the relief provided by section 1170, subdivision (d), because of the constitutional guarantee of equal protection. Because we conclude that Vasquez's sentence is not the functional equivalent of LWOP, we affirm.

BACKGROUND

On July 26, 2004, when Vasquez was 15 years old, he shot and killed Sergio Sanchez after a brief argument. (*People v. Vasquez* (Sept. 14, 2012, E054057) [nonpub. opn.].) In 2011, Vasquez was sentenced to 40 years to life in prison after a jury convicted him of second degree murder and found true three firearm enhancements. Vasquez appealed, and we affirmed the judgment in an unpublished opinion. (*Ibid.*)

2

In August 2023, Vasquez filed a petition for recall and resentencing under section 1170, subdivision (d). Relying on *Heard*, Vasquez argued that he had been sentenced to the functional equivalent of LWOP and therefore was entitled to relief under equal protection principles. The People opposed the petition, arguing that *Heard* did not apply because Vasquez's sentence was not the functional equivalent of LWOP. After a hearing, the trial court denied Vasquez's petition on the ground that his sentence was neither LWOP nor its functional equivalent.

DISCUSSION

Section 1170, subdivision (d), provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." If the court recalls the sentence, then "[t]he court shall have the discretion to resentence the defendant in the same manner as if the defendant had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170, subd. (d)(7).) "If the sentence is not recalled or the defendant is resentenced to imprisonment for life without the possibility of parole, the defendant may submit another petition for recall and resentencing" after 20 years of incarceration, and another after 24 years. (§ 1170, subd. (d)(10).)

By its terms, relief under section 1170, subdivision (d), is limited to juvenile defendants who have been sentenced to LWOP. However, in *Heard* and more recently in

3

*People v. Sorto* (2024) 104 Cal.App.5th 435 (*Sorto*), courts have held that constitutional principles of equal protection require that relief under section 1170, subdivision (d), be extended to juvenile offenders serving the functional equivalent of LWOP. (*Heard*, *supra*, 83 Cal.App.5th at pp. 633-634; *Sorto*, at p. 440.) In *Heard*, the defendant was sentenced to 103 years to life for attempted murder and voluntary manslaughter. (*Heard*, at p. 637.) In *Sorto*, the defendant was sentenced to 140 years to life for multiple homicide offenses. (*Sorto*, at p. 440.) Both courts concluded that the sentences were the functional equivalent of LWOP because the defendants' parole eligibility dates fell outside their natural life expectancies. (*Heard*, at pp. 620, 628; *Sorto*, at pp. 443, 451.)

Relying on *Heard*, Vasquez argues that the trial court erred by concluding that his sentence was not the functional equivalent of LWOP and that he was therefore statutorily ineligible for resentencing under section 1170, subdivision (d). The People argue that *Heard* was wrongly decided and that, in any event, Vasquez's sentence is not the functional equivalent of LWOP. We need not decide whether we agree with *Heard*'s equal protection analysis, because we agree with the People—and the trial court—that Vasquez's 40-years-to-life sentence for a homicide offense was not the functional equivalent of LWOP.

In the context of the Eighth Amendment's prohibition against cruel and unusual punishment, our Supreme Court has issued three decisions addressing the issue of whether a long indeterminate sentence imposed on a juvenile offender constitutes the functional equivalent of LWOP. In *People v. Caballero* (2012) 55 Cal.4th 262, the

4

California Supreme Court held that it constituted cruel and unusual punishment to sentence juvenile offenders convicted of nonhomicide offenses to "the functional equivalent of a life without parole sentence." (*Id.* at pp. 267-268.) The court concluded that the defendant's 110-years-to-life sentence was cruel and unusual because it consisted of "a term of years with a parole eligibility date that falls outside [his] natural life expectancy." (*Ibid.*)

In *People v. Franklin* (2016) 63 Cal.4th 261, the defendant, who was sentenced to two consecutive 25-year-to-life sentences for a homicide offense that he committed when he was 16 years old, argued that his sentence violated the Eighth Amendment because it was "effectively" a term of life without parole imposed by statute "without judicial consideration of his youth and its relevance for sentencing." (*People v. Franklin*, at pp. 268, 273.) The court concluded that the sentence was "not the functional equivalent of LWOP," because the defendant would be 41 years old when he first became eligible for parole under section 3051, the provision governing youth offender parole hearings. (*Id.* at p. 279.)

*People v. Contreras* (2018) 4 Cal.5th 349 (*Contreras*) involved two juvenile offenders who were sentenced under the "One Strike" law to 50 years to life and 58 years to life, respectively, for nonhomicide offenses they committed when they were 16 years old. (*Contreras*, at pp. 356-357.) The court held that a proper analysis of "functional equivalence . . . *with respect to the Eighth Amendment concerns that constrain lawful punishment for juvenile nonhomicide offenders*" should consider "not a life expectancy

5

table but the reasoning of the high court in *Graham*[ *v. Florida* (2010) 560 U.S. 48]." (*Contreras*, at p. 364.) In *Graham*, the United States Supreme Court held that to be lawful under the Eighth Amendment, a sentence must give the defendant "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." (*Contreras*, at p. 367, quoting *Graham v. Florida* (2010) 560 U.S. 48, 75 (*Graham*).) "A lawful sentence must offer 'the opportunity to achieve maturity of judgment and self-recognition of human worth and potential.' [Citation.] A lawful sentence must offer the juvenile offender an 'incentive to become a responsible individual.'" (*Contreras*, at p. 367, quoting *Graham*, at p. 74.) Applying those principles, *Contreras* concluded that the defendants' sentences—to which section 3051's youth offender parole provisions did not apply[1]—were the functional equivalent of LWOP because the sentences did not afford the defendants a meaningful incentive to rehabilitate or opportunity for redemption and reentry into society. (*Contreras*, at pp. 368, 369.) "For any individual released after decades of incarceration, adjusting to ordinary civic life is undoubtedly a complex and gradual process. Confinement with no possibility of release until age 66 or age 74 seems unlikely to allow for the reintegration that *Graham* contemplates." (*Id*. at p. 368.)

In view of our high court's precedent, and assuming for the sake of argument that it applies in the equal protection context, we agree with the trial court's determination that Vasquez's sentence of 40 years to life for a homicide offense is not the functional

---

[1]     "A youth offender parole hearing is not available to juveniles convicted under the One Strike law." (*Contreras*, *supra*, 4 Cal.5th at p. 359.)

6

equivalent of LWOP. As the trial court noted, Vasquez will be 55 years old in his 40th year of incarceration, when he would become eligible for parole under his sentence.[2] Because Vasquez's parole eligibility date falls well within his natural life expectancy, his sentence is easily distinguishable from the indeterminate sentences in *Heard* and *Sorto*, which were more than twice as long. Moreover, because Vasquez will be only middle-aged when he is eligible for release, we also conclude that his sentence affords him a meaningful incentive to rehabilitate and a meaningful opportunity to reintegrate into society and become a productive citizen in the second half of his life. (*Contreras*, *supra*, 4 Cal.5th at p. 368; *Graham*, *supra*, 560 U.S. at pp. 74-75.)

In addition to asserting that his sentence is the functional equivalent of LWOP, Vasquez argues that his right to equal protection is being infringed because he "is being treated more harshly" than juvenile offenders who were sentenced to LWOP even though he "receiv[ed] a less-than LWOP sentence." To support that claim, he points out that he must wait until his 25th year of incarceration to become eligible for parole under section 3051, whereas a juvenile offender who was sentenced to LWOP must wait only until

---

[2]    The parties agree that Vasquez will actually be eligible for a youth offender parole hearing under section 3051 even sooner, when he is 40 years old. We do not use that parole eligibility date in our analysis, however, because section 3051 had not yet been enacted when Vasquez was sentenced in 2011, and section 1170, subdivision (d), "requires only that the defendant 'was sentenced' to an LWOP term," not that the defendant is currently serving such a sentence. (*Sorto*, *supra*, 104 Cal.App.5th at p. 447 [the fact that section 3051 '"reformed"' the defendant's sentence "so that it is no longer the functional equivalent of life without parole" did not affect the equal protection analysis], citing *Heard*, *supra*, 83 Cal.App.5th at pp. 628-630.)

their 15th year of incarceration to file a petition for resentencing under section 1170, subdivision (d).

Vasquez's claim of harsher treatment is unfounded. Under section 3051, he is entitled to a youth offender parole hearing in his 25th year of incarceration "at which the Board of Parole Hearings must provide 'a meaningful opportunity' for release" and give "'great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity.'" (*People v. Hardin* (2024) 15 Cal.5th 834, 845, citing § 3051, subd. (e).) By contrast, section 1170, subdivision (d), gives juvenile offenders sentenced to LWOP the opportunity to seek resentencing; it does not entitle such offenders to resentencing or to a specific type of sentence. (§ 1170, subd. (d)(1)-(10); see also *People v. Hardin*, at p. 845 [subdivision (d) of section 1170 "permit[s] juvenile offenders sentenced to life without parole to petition for recall of sentence and resentencing to a term that include[s] an opportunity for parole"].) There is consequently no guarantee that a juvenile offender seeking relief under section 1170, subdivision (d), will receive a shorter sentence than Vasquez's. The offender could receive a sentence that is equal to or longer than Vasquez's, could be resentenced to LWOP, or could be denied relief altogether. (§ 1170, subds. (d)(7), (10).) Vasquez has therefore failed to demonstrate that he is being treated more harshly under section 3051 than juvenile offenders who were sentenced to LWOP are treated under section 1170, subdivision (d).

8

DISPOSITION

The order denying Vasquez's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.